Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 0285 | **DATE** | 2/21/2012 |
| **CASE TITLE** | U.S. ex rel. George Frison (#B-06712) v. Marcus Hardy | | |

**DOCKET ENTRY TEXT:**

Petitioner is granted thirty days in which to show good cause in writing why the habeas petition should not be stayed and held in abeyance for failure to exhaust his state court remedies prior to seeking federal habeas relief. Failure of Petitioner to comply with this order within thirty days will result in summary dismissal of this case pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

■ [**For further details see text below.**]  Docketing to mail notices.

## STATEMENT

George Frison, a prisoner in state custody at Stateville Correctional Center, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the sentence he received on his 2005, Cook County conviction for first degree murder, attempted murder, and aggravated battery with a firearm on the grounds that his arrest was unlawful, he had ineffective assistance of counsel, and he was subject to due process violations during his trial.

Plaintiff has paid the statutory filing fee as ordered by the Court on January 19, 2012. However, it appears from the petition that Petitioner has failed to exhaust his state court remedies, as required. An inmate who seeks to challenge a state conviction under 28 U.S.C. § 2254 must first exhaust his state court remedies as to all his claims. *See Rose v. Lundy*, 455 U.S. 509 (1982). The petition indicates that Petitioner filed no direct appeal of his conviction, and filed no collateral proceedings. Federal habeas relief is not available if Petitioner has not exhausted his state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A). "Failure to exhaust available state court remedies constitutes a procedural default." *Chambers v. McCaughtry*, 264 F.3d 732, 737 (7th Cir. 2001), citing *Howard v. O'Sullivan*, 185 F.3d 721, 725 (7th Cir. 1999). Petitioner affirmatively pleads in his petition that he is pursuing a successive state court habeas petition. *See* Petitioner's petition, p. 4. As he pleads he is pursuing state habeas relief it appears that he has not exhausted his state court remedies, and consequently he must show cause within thirty days of the date of this order as to why this case should not be stayed and held in abeyance pending the resolution of his state court proceedings.

The Seventh Circuit Court of Appeals has held that the appropriate procedural mechanism when deferring to a parallel state-court proceeding is a stay, not a dismissal. *See Dolis v. Chambers,* 454 F.3d 721 (7th Cir. 2006). Accordingly, if Petitioner cannot satisfy the order to show cause, this case will be stayed pending disposition of the ongoing post-conviction proceedings. .
**(CONTINUED)**

AWL

| STATEMENT  (continued) |
|---|

    For the foregoing reasons, Petitioner is granted thirty days in which to show good cause in writing why the habeas petition should not be dismissed for failure to exhaust his state court remedies.  Failure of Petitioner to comply with this order within thirty days will result in summary dismissal of this case pursuant to Rule 4 of the Rules Governing Section 2254 Cases.